IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GOLO, LLC<br><br>      Plaintiff,<br><br>v.<br><br>ALEXANDER RODRIGUEZ,<br><br>      Defendant | C.A. No. |

**MOTION FOR ENFORCEMENT OF SUBPOENAS**
**IN A CIVIL ACTION**

COMES NOW, Plaintiff GOLO, LLC and hereby moves this Honorable Court for an Order enforcing a subpoena to produce documents and a subpoena for deposition (the "Subpoenas") served on Alexander Rodriguez, issued in conjunction with the case styled *GOLO, LLC v. Goli Nutrition, Inc., et al.,* pending in the United States District Court for the District of Delaware, C.A. No. 20-667-RGA, showing the Court as follows:

**Procedural and Factual Background**

GOLO's Claims Against Goli

Pursuant to an Order entered December 13, 2021, GOLO, LLC was granted permission to file an amended complaint in the action *GOLO, LLC v. Goli Nutrition, Inc. a Canadian Corp., and Goli Nutrition, Inc. a Delaware Corp.*, in the United States District Court for the District of Delaware, Case No. 20-667-RGA (the "Delaware Action").[1]  Delaware Action Dkt. 123. As amended, GOLO, LLC ("GOLO") alleges that Goli Nutrition Inc., a Canadian Corporation, and

---

[1] There remains pending a motion to supplement the complaint to add additional factual allegations supporting GOLO's false advertising against Goli.  *See* Delaware Action Dkt. 214.

1

Goli Nutrition Inc., a Delaware Corporation, (jointly referenced as "Goli"): infringed upon GOLO's registered trademark (Count I); falsely designated its origin in violation of Section 43(a) of the Lanham Act of 1946 (15 USC § 1125(a)); falsely advertised the Goli products (Count IV); and engaged in unfair competition under Delaware law, including through false advertising (Counts V & VI).  Delaware Action Dkt. 106.

GOLO is a health and wellness company that offers a total weight loss and wellness solution including through a unique and proprietary plan to help its customers make healthy lifestyle changes to allow them to lose weight and a patented dietary supplement that has been clinically shown to increase weight loss, reduce hunger and cravings and suppress the appetited, reduce stress and anxiety, increase immune function, and increase energy.  Delaware Action Dkt. 106 at ¶ 2.  GOLO began selling its proprietary weight loss and wellness solution at least as early as April 2013 using its federally registered and distinctive GOLO trademark.  *Id.* at ¶ 3.

In 2019, Goli launched with just one product:[2] a gummy that Goli claims to provide the same health benefits as a full "shot" of real liquid apple cider vinegar ("ACV") in just two gummies (the "ACV Gummies").  *Id.* at ¶ 5.  Goli represents that its ACV Gummies support weight loss, a healthy immune system, heart health, healthy digestion, lower blood sugar levels, reduce appetite, and improved energy.  *Id.*   GOLO has identified multiple statements and representations Goli makes in its advertisements which GOLO contends are false or misleading, including:

- Overstating the amount of ACV in its ACV Gummies, including by considering the powdered ACV used to manufacture the gummies to be the equivalent of liquid ACV;

---

[2] Goli has since launched additional products, some of which GOLO has moved to add claims relating to false advertising.

- Claiming that two ACV Gunnies are the equivalent of one shot of liquid ACV, when GOLO contends it would actually take thirty ACV Gummies to provide the amount of acetic acid (the main ingredient in apple cider vinegar) from what is commonly understood to be a shot of vinegar;
- Claiming that the ACV Gummies contain a combination of beneficial enzymes, yeast, and healthy bacteria found in liquid apple cider vinegar called "the mother" even though laboratory testing of an actual ACV Gummy confirms "the mother" is not present;
- Claiming that the ACV Gummies are organic when only certain ingredients are organic;
- As well as other claims laid out in detail in the pleadings.

Delaware Action Dkt. 106 at ¶ 11.

<u>Alex Rodriguez and Goli</u>

Goli relies heavily on social media influencers and celebrities to promote and market its products, including Alex Rodriguez. *Id.* at ¶ 63; *see also* https://ca.goli.com/pages/home-jlar (last accessed Nov. 28, 2022).

In March 2021, Alex Rodriguez announced on his Instagram account that he had "joined forces with Goli Nutrition". *See* https://www.instagram.com/p/CM6HiCfnQxv/ (last accessed Nov. 28, 2022).



*Id.*

Mr. Rodriguez appears to continue to promote Goli products, and has done so for roughly a year and a half. Mr. Rodriguez has posted at least two videos on his Facebook page promoting Goli, including one on October 24, 2022, in which in response to comments, he replied "Add me on my telegram account, click on this link to drop me a message https://t.me/Alex_Rodriguez_interaction":

4



(last accessed on Nov. 28, 2022). Accordingly, Mr. Rodriguez appears to have promoted Goli both publicly through social media, but also through private messages with individuals, including through a Telegram account.[3]

Subpoenas Issued to Alex Rodriguez

On October 6, 2022, GOLO filed a Notice of Service of Subpoenas indicating that it intended to serve two Subpoenas upon Alex Rodriguez, a subpoena to produce documents and a subpoena for deposition. Delaware Action Dkt. 276. Thereafter, counsel for GOLO reached out to counsel for Mr. Rodriguez who agreed to accept service of the subpoenas. Declaration of Christina Baugh, ¶ 2, attached hereto as Exhibit C. The Subpoenas were sent to Mr. Rodriguez's counsel on October 11, 2022, and he agreed in writing to accept service on October 13, 2022. *Id.*

The Subpoenas requested production of documents by October 20, 2022, and a deposition to be conducted on October 27, 2022 at GOLO's counsel's office in Palm Beach Gardens, Florida. *See* Exhibits A & B hereto; Delaware Action Dkt. 276.

On October 26, 2022, counsel for Mr. Rodriguez reached out to counsel for GOLO requesting a time to "introduce [them]selves." Ex. 2 to Baugh Decl. Counsel for GOLO and Mr. Rodriguez had a phone discussion on Wednesday, November 2, 2022 at 4:00 pm. Baugh Decl. ¶ 3.

Based on Mr. Rodriguez's counsel's oral objections to the Subpoenas, conveyed during their phone discussion, as being overly broad, requesting documents and information that could be produced by Goli, and concerns of burden on Mr. Rodriguez as a third party, GOLO's counsel offered to further narrow the subpoena for documents in an effort to avoid involving the Court.

---

[3] Telegram promotes itself as a cloud-based mobile and desktop messaging app with a focus on security and speed. *See* https://telegram.org (last visited Nov. 28, 2022).

Ex. 2 to Baugh Decl. Mr. Rodriguez's counsel then responded by email, placing their objections in writing for the first time on November 10, 2022, in which they disputed that Mr. Rodriguez should have to respond to the subpoena at all. Ex. 3 to Baugh Decl. No other written response or objection was received on behalf of Mr. Rodriguez. Mr. Rodriguez has not produced any documents nor sat for a deposition. Baugh Decl., ¶ 5.

## Argument and Citation to Authority

Litigants are permitted to issue subpoenas for the production of documents or appearance at a deposition to non-parties pursuant to Rule 45. Fed. R. Civ. P. 45. If the recipient has objections to the subpoena for the production of documents, he is required to serve written objections on the requesting party, which "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Likewise, the Rules provide for a procedure to seek to quash or modify a subpoena if it is perceived to create an undue or unreasonable burden on the subpoenaed person. Fed. R. Civ. P. 45 (d).

"The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

I. Any objections were untimely.

Here, Mr. Rodriguez was served with the subpoenas no later than when his counsel agreed to accept service on October 13, 2022. Performance was requested by October 20, 2022 for the production of documents and by October 27, 2022 for his deposition. Ex. A & B. Yet by those dates, Mr. Rodriguez had neither performed nor provided written objections to the subpoenas. Nor did he provide written objections within fourteen days after service- October 27, 2022. The first

written objections to the Subpoenas were made on November 10, 2022. Accordingly, his objections were untimely.

II. The Requests for Production Are Proper.

"[I]t is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Commissioner, Mississippi Dept of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020) *citing* Fed. R. Civ. P. 26(b)(1) and Advisory Committee Note to the 1970 Amendments to Rule 45.

"The Court, therefore, must determine whether the subpoenas duces tecum at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *American Federation of State County and Municipal Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) (citation omitted). The burden is placed on the party seeking to avoid discovery to show that the requested information is either irrelevant or that the marginal relevance of the information is outweighed by a harm to the producing party. *Id.* at 477.

Each of the requests for production of documents is narrowly tailored to seek information that would be in Mr. Rodriguez's possession relating to his role as a promoter of Goli and relevant to one or more element of the claims and defenses pending in the Delaware Action.

A. Documents relating to working with third parties to promote Goli.

GOLO requested that Mr. Rodriguez produce documents sufficient to identify the people acting on his behalf with respect to his promotion of Goli products (Request 1), documents sufficient to identify any contracts with third parties (not Goli) relating to his sale or promotion of

8

Goli products (Request 4), and documents sufficient to identify payments or compensation made to third parties (not Goli) relating to his sale or promotion of Goli products (Request 6).[4]

It is no secret that Mr. Rodriguez is a celebrity, and it is that celebrity status that makes him an ideal candidate for promoting Goli. It is also commonly known and understood that celebrities tend to have business managers, schedulers, and/or assistants who help manage their multiple commitments and business ventures. These requests were aimed at identifying any such third parties who may have actually been the ones communicating with Goli, obtaining information about the products, communicating or receiving inquiries from the public about Mr. Rodriguez's promotional efforts for Goli, and otherwise acting on his behalf to fulfill his obligations to Goli to promote and market the Goli products. Once identified, those individuals may also be considered for discovery efforts depending on the nature of their involvement and reasonable beliefs as to the information they received and processed.

The information received and utilized by Mr. Rodriguez, including through these third parties, is relevant to each of GOLO's claims. GOLO has accused Goli of making and pushing false information about its products in promoting the Goli products. Therefore, evidence of what Goli was providing to these third parties, in hopes it would be repeated by Mr. Rodriguez to promote the Goli products, is relevant to the false advertising claims. Likewise, communications the third parties received from the consuming public evidencing confusion between the Goli and GOLO products is highly relevant to GOLO's trademark infringement claims. Accordingly, it is

---

[4] As part of GOLO's attempts to work with Mr. Rodriguez and respond to objections, GOLO agreed to narrow these three to contracts with any third party (not Goli) relating to the sale, promotion, or distribution of Goli and documents sufficient to identify all payments or compensation made to third parties (not Goli) relating to the sale, distribution, or promotion of Goli. Ex. 2 to Baugh Decl.

relevant and important to identify the people who would have been receiving and responding to those communications to properly identify who might have relevant information to the claims.

Mr. Rodriguez's objections to these requests are that he was a "*spokesperson* and an employee or executive involved in the sales/distribution/marketing" of the Goli products. Ex. 3 to Baugh Decl. (emphasis in original). The objection goes on to state that GOLO has "no good faith basis for believing that Mr. Rodriguez had the authority to enter into agreements with third parties for the sale, distribution, or promotion of Goli, let alone that he did so without Goli's approval such that Goli would not be in possession of any such documents." *Id.*

Nothing has been produced by Goli that would indicate Mr. Rodriguez was prevented from having third parties assist him in his promotional efforts- including assistants, business managers, or agents. Nor has anything been produced by Goli to indicate that Goli would have to approve Mr. Rodriguez's use of any such third parties. Simply put, nothing has been produced to indicate that Mr. Rodriguez was not allowed to operate as many celebrities do- through third parties working on their behalf. If, instead, Mr. Rodriguez's response to these requests is actually that he has no such responsive documents because he did not work through third parties- he should say that.

B. Documents relating to Mr. Rodriguez's promotion of Goli products.

GOLO requested that Mr. Rodriguez produce documents sufficient to identify his promotional appearances for Goli Products (Request 5), documents sufficient to identify each social media post Mr. Rodriguez made including the Goli marks or accused statements (Request 13), documents sufficient to identify each advertisement, including scripts, made including the Goli marks or accused statements (Request 14), documents sufficient to identify each website he used to promote Goli products (Request 15), documents sufficient to identify each social media

account he used to promote Goli products including using the Goli mark or accused statements (Request 16), documents sufficient to identify all interviews he gave relating to the Goli products (Request 17), and documents sufficient to identify the audience and number of people he reaches with his marketing efforts for Goli (Request 19).

In an attempt to work with Mr. Rodriguez and respond to his oral objections, GOLO agreed to narrow these requests to documents sufficient to identify social media platforms or appearances on behalf of Goli. Ex. 2 to Baugh Decl.

Advertisements and promotions of the Goli products are directly relevant to the trademark claims and false advertising claims. Locations of advertisements and similarity of the advertisements weigh into the analysis of likelihood of confusion. *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 319 (3rd Cir. 2015). Likewise, dissemination of false and misleading information in its advertisements and promotions is the heart of a claim of false advertising. *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3rd Cir. 2014). Accordingly, documents sufficient to identify where these advertisements and promotions were being made by Mr. Rodriguez is relevant and will lead to the discovery of additional relevant information as it is used to locate advertisements and promotion done on behalf of Goli.

Mr. Rodriguez objects that this information would be publicly available and obtainable through Goli. Ex. 3 to Baugh Decl.

New social media platforms appear almost daily. Which social media platforms Mr. Rodriguez uses may reasonably change over the course of the year and a half he has promoted Goli's products. And while counsel tries to stay abreast of trends, it is not unreasonable to believe that Mr. Rodriguez and his staff have a finger closer to the pulse of popular social media than counsel, and therefore, while counsel could scour the internet hoping to find any site on which Mr.

Rodriguez promoted Goli's products, and locate every interview with any blogger or news outlet, Mr. Rodriguez knows where he has performed. He is being paid to promote the Goli products and it is not unreasonable to believe he has a record of where he has acted to satisfy those obligations and that the burden to provide documents sufficient to show where he promoted Goli's products would be relatively slight- but certainly less than counsel searching the internet. Further, just because the responding party has disseminated information publicly does not mean it is insulated from production in response to a subpoena. *See American Federation of State, County and Municipal Employees (AFSCME) Counsel 79*, 277 F.R.D. at 477 (denying motion to quash in relation to documents the responding party "has itself promoted and already publicly disseminated").

While Mr. Rodriguez objects that documents sufficient to show his promotional activities could be obtained through Goli, there is no evidence to support that. Mr. Rodriguez is the one who made the promotional posts, interviews, and content that is sought in the subpoena and as relevant information in his possession, custody, or control, he should be required to produce it.

C. Documents relating to investigating or correcting statements.

GOLO requested production of documents reflecting any retraction Mr. Rodriguez made of promotional or advertising materials or statements related to Goli products (Request 11), and documents sufficient to show any due diligence or investigation he performed concerning the accused statements (Request 12).

GOLO agreed to narrow these requests to documents sufficient to show independent due diligence or investigation of the accused statements (not through Goli). Ex. 2 to Baugh Decl.

Mr. Rodriguez's relationship with Goli as a promoter began during the pendency of the Delaware Action in which Goli is accused of making many false or misleading representations

about its products. In response to the Delaware Action, and other actions by competitors relating to allegedly false advertisement claims, Goli has modified its marketing and advertisement. It is not unreasonable, therefore, to believe that Mr. Rodriguez may have made or been asked to make retractions or changes to the promotional statements he used relating to Goli. Any evidence of those changes would be relevant to whether Goli reasonably believed it had grounds to make the statements. Likewise, if Mr. Rodriguez, on notice of the claims, himself investigated whether there was support for the claims he was making as to the Goli products, the results of that investigation would be relevant to the veracity of the statements pushed by Goli.

Mr. Rodriguez's objections do little more than express shock and distain that he might have taken corrective action or done any independent verification of the advertising statements he made. Again, if the answer is that he has no such responsive documents- that should be the answer instead of an objection

    D.  <u>Communications with third parties about Goli.</u>

GOLO requested documents reflecting consumer confusion between Goli and GOLO (Request 7), communications received from third parties (not Goli) in response to his promotion of Goli products (Request 8), communications with third parties (not Goli) concerning the accused statements (Request 9), communications with third parties (not Goli) concerning the Delaware Action (Request 10), and all communications with third parties (not Goli) concerning GOLO (Request 18).

GOLO agreed to narrow these requests to documents evidencing confusion between GOLO and Goli, non-public communications with third parties relating to any of his Goli promotions, and documents sufficient to show communications with third parties (not Goli) related to GOLO or GOLO's products and services. Ex. 2 to Baugh Decl.

13

Evidence of customer confusion between GOLO and Goli is integral to the analysis performed for the trademark claims relating to likelihood of confusion. *Arrowpoint Capital Corp.*, 793 F.3d at 319. Accordingly, communications between Mr. Rodriguez (as a spokesperson for Goli) and third parties including consumers, which evidence confusion between the two companies and their products or services is directly relevant to the trademark claims. Likewise, communications from customers relating to the accused false statements weighs into how important those statements were to the consuming public, including the frequency with which the statements weighed into the consumers' purchasing decision. *Groupe SEB USA, Inc.*, 774 F.3d at 198.

Mr. Rodriguez does not appear to dispute that these requests seek relevant information, but instead contends that GOLO has no good faith basis to believe he had any non-public conversations responsive to these requests. As set forth above, the public nature of the conversations is not determinative of whether Mr. Rodriguez should respond to a subpoena. However, since social media platforms have non-public means of communications (example, a "DM" in Facebook) or whole platforms designed for non-public communications (example, telegram), it is not unreasonable to believe that third parties reached out to Mr. Rodrigues through these methods of communication in response to his promotional activities. And any such communication would be hidden from view and undiscoverable absent a response to the subpoena.

III.   The request for deposition was proper.

Mr. Rodriguez is being paid to promote Goli products. The only objection made to the subpoena to provide testimony is that it is "*ludicrous*". Ex. 3 to Baugh Decl. However, as demonstrated above, Mr. Rodriguez has taken actions on behalf of Goli to promote its products, the products and statements about which are the heart of the claims in the Delaware Action. He

has knowledge related to the claims and defenses pending, including as it relates to marketing statements made regarding the Goli products, and his testimony would be required to authenticate any responsive documents he produces, including communications with third parties.

## Conclusion

Mr. Rodriguez acknowledges that he is paid spokesperson for Goli, which is facing claims of false advertising and trademark infringement.  Yet he does not believe he is required to respond to the Subpoenas seeking documents arising from the relationship and related to the pending claims.  Instead, based upon his untimely objections, be believes he is entirely insulated from responding to requests for relevant information unless and until GOLO can prove he has those responsive documents and that they are not public nor in the possession of Goli (which would arguably require GOLO to have them already).  That is not the standard applied to Subpoenas and Mr. Rodriguez should be compelled to respond to them by producing the responsive documents in his possession and providing deposition testimony regarding his knowledge.

Dated:  December 1, 2022

**BARNES & THORNBURG LLP**

*/s/ Christina M. Baugh*
Christina M. Baugh
Florida Bar No. 1028574
4540 PGA Boulevard, Suite 208
Palm Beach Gardens, Florida 33418

3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 3026
Tel:  (404) 264-4026
Email: CBaugh@btlaw.com

*Counsel for GOLO, LLC and Mr. Lundin*