# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| GOLO, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-667-RGA |
| Goli Nutrition, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Alexander Rodriguez

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto

| Place: Chad S.C. Stover, 4540 PGA Boulevard Suite 208 Palm Beach Gardens, FL 33418 or via email to chad.stover@btlaw.com | Date and Time: 10/20/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/2022

*CLERK OF COURT*

OR

_____         Chad S.C. Stover
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GOLO, LLC , who issues or requests this subpoena, are:

Chad S.C. Stover, Barnes & Thornburg LLP, 222 Delaware Avenue, Ste. 1200, Wilmington, DE 19801

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:20-cv-03186-DRG-SRF Document 1-1 Filed 10/06/22 Page 3 of 12
Case 1:20-cv-00667-RGA Document 276-1 Filed 2/01/2022 Page 3 of 12
10611

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-667-RGA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO ALEXANDER RODRIGUEZ

# DEFINITIONS

1. "YOU" or "YOUR" means and refers to Alexander Rodriguez, who upon information and belief resides at 181 E Sunrise Ave, Coral Gables, FL and each of his present and former employees, partners, agents, representatives, and all other persons acting on YOUR behalf.
2. "YOUR COMPANY" means and refers to any company you own, control, and/or are employed by that conducts business with or otherwise communicates with GOLI.
3. "DELAWARE ACTION" means the litigation currently pending in the United States District Court for the District of Delaware captioned *GOLO, LLC v. Goli Nutrition Inc.*, Case No. 20-667-RGA and with the operative complaint available at D.I. 124.
4. "GOLI" means and refers to collectively the named defendants in the DELAWARE ACTION, namely Goli Nutrition Inc. (a Canada corporation), Goli Nutrition Inc. (a Delaware corporation), and Michael Bitensky, an individual, including without limitation its direct or indirect parents, subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint venture or partnership relationships with GOLI, and all other persons acting or purporting to act on behalf of GOLI.
5. "GOLI MARKS" means and refers to all trademarks, trade names, service marks, design marks, trade dress, word marks, images, logos, slogans, designs, and matter that GOLI has used or applied for in the United States that include or consist of the term "GOLI."
6. "GOLI PRODUCT(S)" refers to any product(s) sold by Goli Nutrition Inc. (a Canada corporation) and/or Goli Nutrition Inc. (a Delaware corporation) that bear the GOLI or GOLI NUTRITIONALS brands, including, without limitation, Apple Cider Vinegar ("ACV") Gummies, Ashwagandha ("Ashwa") Gummies, Superfruits Gummies, Supergreens Gummies, Triple Action Immune Gummies, Dreamy Sleep Gummies, Complete Kids Multi Gummies, Women's Complete Multi Gummies, Multi Bites, Calm Bites, and Energy Bites.
7. "GOLO" means and refers to GOLO, LLC, including without limitation its direct or indirect parents, subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting

1

in joint venture or partnership relationships with GOLO, and all other persons acting or purporting to act on behalf of GOLO.

8. "DOCUMENT(S)" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a Document, all drafts of final Documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, computer programs and files containing any requested information), any electronic mail, recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, and electronically stored information ("ESI"). Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

9. "COMMUNICATION(S)" means and refers to any means by which information is exchanged, including face-to-face, telephonic and video conversations, text messages, letters, memos, presentations, reports, emails, instant messages, and web or internet postings or comments.

10. "IDENTIFY" or "IDENTITY" as used herein, means:

    a.     When used with respect to an individual or natural person, to state: (i) his or her name; (ii) any other name used by him or her presently or in the past; (iii) his or her present last known business address, residence address, and telephone numbers; and (iv) the corporation, partnership, association, foundation, trust, organization, or other entity, and the functional division thereof with which he or she is presently associated, and his or her title, status, position, rank, or classification with such entity at the present and throughout the time period specified.

    b.     When used with respect to a person other than a natural person, including, but not limited to, any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (i) its full name; (ii) the address of its principal office or place of business; (iii) all names under which it is doing business or ever has done business; (iv) the nature of the venture (e.g., sole proprietorship,

2

partnership, corporation, etc.); and (v) the identities of its officers, directors, partners, or administrators.

 c. When used with respect to a communication, to: (i) state the dates and places of origin and reception of such communication; (ii) identify the type of communication (e.g., letter, email, facsimile transmission, face-to-face conversation, telephone conversation, etc.); (iii) describe the substance of each communication; and (iv) identify each document that records, shows, or refers to such communication.

 d. When used with respect to a document or tangible thing, to state: (i) the type of document or tangible thing (e.g., letter, memorandum, computer disk, etc.); (ii) the date it was created; (iii) its author and signatures; (iv) its addresses and all other persons who received copies; (v) the nature and substance of the document with sufficient particularity to enable it to be identified; and (vi) its location and custodian (or if it is no longer within Defendants' possession, custody, or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents).

 e. When used with respect to a fact: (i) to describe the fact; (ii) state when it became known to Defendants; (iii) identify the source from which Defendants learned it; (iv) identify the documents that record, show, or refer to the fact; and (v) state why the fact is believed to be true.

11. "RELATING TO," "RELATE(S) TO," "CONCERNING," and/or REFERRING TO" means in whole or in part constituting, containing, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to the subject of the document request, including without limitation, Documents that relate to the preparation of another Document, or Documents that are attached to or enclosed with another Document.

12. "PERSON(S)" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

13. "ACCUSED STATEMENTS" means and includes the statements GOLO alleges are false and misleading in the DELAWARE ACTION, namely claims that (a) two Apple Cider Vinegar Gummies are equal to one shot of apple cider vinegar, (b) one Apple Cider Vinegar

3

Gummy contains 500 mg of apple cider vinegar, (c) the Apple Cider Vinegar Gummies include "the mother" (d) the Ashwagandha Gummies contain the highest concentration of ashwagandha extract available on the market today and are vegan, (e) one Ashwagandha Gummy contains ten calories, (f) the benefits of the Ashwagandha Gummies are clinically proven, (g) the Apple Cider Vinegar Gummies are organic, (h) GOLI's Apple Cider Vinegar Gummies provide the health benefits associated with traditional liquid apple cider vinegar, (i) taking GOLI's Superfruits Gummies, Supergreens Gummies, and Multi Bites is the equivalent of eating various numbers of actual fruits and vegetables, and (j) the GOLI PRODUCTS promote "Health Simple," wellness, and overall good health, despite the daily sugar levels of the GOLI PRODUCTS when taken in combination as GOLI now recommends to consumers.

14. The term "each" means and includes "each and every," "all" means and includes "any and all," and "any" means and includes "any and all."
15. The term "including" means including, but not limited to.
16. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.
17. "All" or "each" shall be construed as "all and each."
18. The use of the singular shall be deemed to include the plural, and the use of the plural shall be deemed to include the singular.
19. The use of the present tense shall also be read as if the past tense and vice versa.

## INSTRUCTIONS

1. Produce for inspection and copying the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents or tangible things in your possession, custody or control within thirty (30) days of service of this subpoena or within a time mutually agreed upon by GOLO. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested. Physical production of the requested documents for inspection and copying shall not be required if, within the time set forth above, a true and

legible copy of each requested document has been delivered to GOLO's counsel Chad S.C. Stover at chad.stover@btlaw.com.

2.  Produce each requested document or tangible thing in its entirety, including (with respect to documents) all attachments and enclosures, even if only a portion of the document is responsive to the request.

3.  These Requests for Production ("Requests") shall be deemed to be continuing, consistent with the Federal Rules of Civil Procedure, so that any additional information relating in any way to the subject matter of any Request that you acquire or that becomes known to you up to and including the time of trial shall be promptly furnished to GOLO.

4.  Each responsive Document or portion thereof that you claim to be privileged against discovery on any ground must be identified by providing:

    a. a description of the general type of document (i.e., letter, memorandum, report, miscellaneous note, presentation);
    b. the date;
    c. the author;
    d. all addresses, recipients, copyholders and other distributors;
    e. the organization, if any, with which each author, addressee, recipient, or distribute was then connected and his or her job title or description;
    f. the number of pages;
    g. a general summary of the subject matter; and
    h. the grounds for refusing to produce the document or portion thereof.

5.  If any document or tangible thing requested herein has been lost, discarded, or destroyed, the document or tangible thing so lost, discarded, or destroyed should be identified as completely as possible, including without limitation, the date the document or tangible thing was lost, discarded, or destroyed, the manner in which the document or tangible thing was lost, discarded, or destroyed, the reason(s) the document or tangible thing was lost, discarded, or destroyed, the person who authorized that the document or tangible

5

thing be destroyed or discarded, and the person who lost, discarded, or destroyed the document or tangible thing.

6. If you have no responsive documents to a document Request, then lack of responsive documents must be specifically indicated in the response.

7. If you object to any of these Requests, state in writing with specificity the grounds of your objections. Any ground not stated shall be waived. If you object to a particular portion of any Request, you shall respond to so much of the Request as to which there is no objection and state with specificity the grounds of the objection.

8. If you interpose an objection to a Request, please state whether you are withholding any responsive materials on the basis of that objection.

9. Your production may be made under the protections of the Protective Order in this action (D.I. 100).

10. GOLO reserves the right to add to or supplement these Requests as necessary.

## DOCUMENT REQUESTS

1. DOCUMENTS sufficient to IDENTIFY the principals, present and former employees, partners, agents, representatives, and other persons acting on YOUR behalf with respect to YOUR sale, promotion, and/or distribution of the GOLI PRODUCTS.

2. All DOCUMENTS reflecting COMMUNICATIONS between YOU and/or YOUR COMPANY and Deepak "Dee" Agarwal.

3. All DOCUMENTS reflecting COMMUNICATIONS between YOU and/or YOUR COMPANY concerning Deepak "Dee" Agarwal.

4. DOCUMENTS sufficient to IDENTIFY all contracts and agreements between YOU and/or YOUR COMPANY and any third-party (such third-party to not mean GOLI) RELATING TO the sale, promotion, and/or distribution of the GOLI PRODUCTS.

5. DOCUMENTS sufficient to identify any promotional appearance YOU have made to promote the GOLI PRODUCTS.

6. DOCUMENTS sufficient to IDENTIFY all payments and/or other compensation YOU and/or YOUR COMPANY made to any third-party (such third-party to not mean GOLI) RELATING TO the sale, promotion, and/or distribution of the GOLI PRODUCTS.

6

7. All DOCUMENTS reflecting or evidencing consumer confusion between GOLI and GOLO.

8. All DOCUMENTS reflecting COMMUNICATIONS YOU and/or YOUR COMPANY received from any third-party (such third-party to not mean GOLI) in response to YOUR and/or YOUR COMPANY's promotion of the GOLI MARKS and/or GOLI PRODUCTS, including but not limited to, responses to any of YOUR social media posts that include the GOLI MARKS, GOLI PRODUCTS or ACCUSED STATEMENTS.

9. All DOCUMENTS reflecting COMMUNICATIONS between YOU and/or YOUR COMPANY and any third-party (such third-party to not mean GOLI) CONCERNING the ACCUSED STATEMENTS and any substantiation or lack thereof for those claims.

10. All DOCUMENTS reflecting COMMUNICATIONS with third-parties (such third-parties to not mean GOLI) CONCERNING the DELAWARE ACTION.

11. All DOCUMENTS reflecting COMMUNICATIONS REFERRING or RELATING TO YOU and/or YOUR COMPANY's retraction or attempted retraction of any advertising or promotional materials that include any of the GOLI MARKS and/or ACCUSED STATEMENTS.

12. DOCUMENTS sufficient to show any due diligence or investigation YOU and/or YOUR COMPANY performed CONCERNING any of the ACCUSED STATEMENTS YOU and/or YOUR COMPANY made or were requested by a third-party (such third-party to not mean GOLI) be made.

13. DOCUMENTS sufficient to IDENTIFY each social media post YOU and/or YOUR COMPANY made that included any of the GOLI MARKS or ACCUSED STATEMENTS, including all comments made in response to each post via the social media platform on which the post was made.

14. DOCUMENTS sufficient to IDENTIFY each advertisement, including any scripts, posts or advertising copy, including all drafts of the same, YOU and/or YOUR COMPANY made that included any of the GOLI MARKS or ACCUSED STATEMENTS, including samples of each advertisement.

15. DOCUMENTS sufficient to IDENTIFY each website YOU and/or YOUR COMPANY uses or has used to promote the GOLI PRODUCTS that displayed any of the ACCUSED STATEMENTS.

16. DOCUMENTS sufficient to IDENTIFY each social media account YOU and/or YOUR COMPANY uses or has used to promote the GOLI PRODUCTS on which YOU and/or YOUR COMPANY has posted content that includes any of the GOLI MARKS or ACCUSED STATEMENTS.

7

17. DOCUMENTS sufficient to IDENTIFY all interviews YOU gave RELATING or REFERRING to GOLI and/or the GOLI PRODUCTS, including copies of any such interviews.

18. All DOCUMENTS reflecting COMMUNICATIONS between YOU or YOUR COMPANY and any third-party (such third-party to not mean GOLI) CONCERNING GOLO and/or any product or service GOLO offers.

19. DOCUMENTS sufficient to IDENTIFY the audience, the number of people YOU and/or YOUR COMPANY reach with your marketing efforts for GOLI and the GOLI PRODUCTS.